## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AARON BRONELLE WILBANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-1160-M |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is plaintiff's Motion for Leave to Amend, filed April 5, 2010. On April 13, 2010, defendant filed its response.

In his motion, plaintiff seeks leave to amend his complaint. Specifically, plaintiff states that "due to the myriad of issues with the complaint raised by Defendant, Plaintiff must amend it in order to have a fair opportunity to address and/or correct issues and defects raised by Defendant in its brief." Motion for Leave to Amend at ¶ 2. Plaintiff, however, does not describe which deficiencies plaintiff is referring to or how he will cure those deficiencies in his amended complaint.

"[A] request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." *Calderon v. Kan. Dept. of Social and Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999). This requirement of notice assures that district courts are not required "to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists." *Id.* at 1187 (internal quotations and citation omitted).

Having carefully reviewed plaintiff's motion, the Court finds that plaintiff has not provided adequate notice of the proposed amendment or the basis for such amendment. Accordingly, the Court DENIES plaintiff's Motion for Leave to Amend [docket no. 11].

**IT IS SO ORDERED this 14th day of May, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE